COVINGTON, Judge.
This appeal arose out of an alleged breach of a partnership agreement between Paul W. Tinsley and Irl D. (Cote) Andre-pont, Jr. The trial judge ruled in favor of the plaintiff, Paul Tinsley, and against the defendant, Cote Andrepont, in the sum of $21,032.11, with legal interest and costs, on the ground that defendant failed to account and divide the net profits of this partnership venture. The defendant appeals, alleging that the trial court erred by failing to credit him with horses that were returned to the plaintiff, and by failing to credit him with his share of the profits realized in the sale of one horse. We amend, and as amended, affirm.
The partnership formed between these parties was for the purpose of buying, developing and selling registered quarterhors-es for a profit. An agreement was drawn up which provided that all of the capital used to purchase horses would be provided by plaintiff; that sale proceeds would be equally divided after plaintiffs initial investment was returned; that defendant would be responsible for the physical care, maintenance, etc., of the horses and that all direct cash expenditures would be assumed in equal shares by each partner. Under this agreement, the partnership bought and sold eleven horses. This suit arose out of a dispute between the partners over profits and expenses.
Defendant assigns error to the finding of the trial judge that he failed to prove the return of two partnership horses, Watcher Man’s Girl and Next Copy, to plaintiff as a return of his capital. In his written reasons for judgment, the trial judge found that plaintiff denied receiving these horses, and for this reason disallowed this offset to defendant. The plaintiff, however, during trial admitted on cross-examination that “Yes, I picked up Watcher Man’s Girl and Next Copy.” Consequently, we find that the return of these horses to Tinsley was proven, and that a $6,500.00 return of capital investment was made to plaintiff; thus, we offset this amount against the judgment rendered below.
Another dispute which arose between the partners was whether Mito Commander was a partnership horse or was owned individually by plaintiff. The trial court found Mito Commander belonged to the partnership. We agree. On appeal defendant claims he is entitled to one-half of the profit from the sale of Mito Commander. The record shows that the horse was sold for $40,000.00. The sum of $12,000.00 was received by plaintiff as return of capital investment. The remaining $28,000.00 realized on the sale of this horse has been retained by Tinsley. Since the partnership agreement provides for an equal division of net profits, we find that Andrepont is entitled to receive one-half of the profit, $14,-000.00.
Defendant further alleges that he is entitled to a return of capital to Tinsley for the sale price of Pacific Pinewood, a partnership horse. The trial court found that defendant failed to carry his burden of proof and denied such offset to defendant. We affirm. The record fully substantiates the trial court’s finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment rendered in the trial court against defendant in favor of plaintiff for the sum of $21,032.11, with legal interest there on from the date of judicial demand until paid, is reduced by $20,500.00, the amount credited to defendant for the return of two partnership horses and for the profit derived from the sale of a partnership horse, to the amount of $532.11, with *289 the costs of these proceedings divided equally between the plaintiff and defendant.
AMENDED, AND AS AMENDED, AFFIRMED.